**COMP**
**LAW OFFICES OF BYRON THOMAS**
Byron E. Thomas, Esq.
Nevada Bar No. 8906
3275 South Jones Blvd., Ste. 104
Las Vegas, Nevada 89146
Phone: (702) 747-7103
byronthomaslaw@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDGAR MARTINEZ-CARRANZA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 525 TRUST FUNDS; PENSION AND RETIREMENT PLAN OF PLUMBERS AND PIPERFITTERS UNION LOCAL 525 PLUMBERS AND PIPEFITTERS LOCAL NO. 525; a union organized in Nevada; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 PENSION & RETIREMENT FUNDS, a retirement fund established in Nevada; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 PENSION TRUST FUNDS, a pension fund established in Nevada; PLUMBERS AND PIPEFITTERS UNION LOCAL #525 BENEFIT FUNDS,; TONI C. INSCOE ADMINISTRATOR FOR THE TRUSTEES PLUMBERS AND PIPEFITTERS NATIONAL PENISON FUND; BENESY INC.,;  DOES I though V, inclusive; and ROE CORPORATIONS VI through X, inclusive, | CASE NO.:<br>DEPT. NO.:<br><br><br>**COMPLAINT** |

-1-

Defendants.

COMES NOW, Plaintiff, EDGAR MARTINEZ-CARRANZA, by and through his attorneys of record, Byron E. Thomas of the law firm of Law Offices of Byron Thomas, for its causes of action against the Defendants and hereby alleges as follows:

**PARTIES**

1. Plaintiff EDGAR MARTINEZ-CARRANZA ("Plaintiff" or Martinez), is now, and at all times herein mentioned, an individual residing in the City of Las Vegas, County of Clark, State of Nevada.

2. Plaintiff is informed and believes and thereon alleges that defendants PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 525 TRUST FUNDS; PLUMBERS AND PIPEFITTERS LOCAL NO. 525/ PENSION AND RETIREMENT PLAN OF PLUMBERS AND PIPERFITTERS UNION LOCAL 525; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 PENSION & RETIREMENT FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 PENSION TRUST; PLUMBERS AND PIPEFITTERS UNION LOCAL #525 BENEFIT FUNDS ("LOCAL #525") are now, and at all times herein mentioned were, the agents, employees, and/or alter egos of the remaining Defendants and at all times relevant were acting within the scope and authority of such agency and employment and for the further benefit of the community and further, ratified and approved of the acts of their agents or employees

3. Plaintiff is informed and believes and therefore alleges TONI C. INSCOE is the ADMINISTRATOR FOR THE TRUSTEES PLUMBERS AND PIPEFITTERS NATIONAL PENISON FUND.

4. Plaintiff is informed and believes that Benesys, Inc. is a foreign corporation and is the Third Party Administrator for the health and retirement funds for Local 525

5. That the true name and capacity, whether individual, corporate, associate, or otherwise, of Defendants, Does I through V, inclusive, and Roe Corporations VI through X, inclusive

-2-

are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereby alleges that each of the Defendants designated herein as Does I through V, inclusive, and Roe Corporations VI through X, inclusive, are responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as alleged herein.  Plaintiff will ask leave of this court to amend its complaint to insert the true names and capacities when the same has been ascertained, and enjoins such Defendants in this action.

## **GENERAL ALLEGATIONS**

6. Plaintiff at all relevant times was a member of The Plumbers and Pipefitters Local Union 525.  Plaintiff suffered and on the job injury and sought Disability Retirement Benefits from Local 525.

7. In a letter dated June 20, 2019 Local 525 denied the Plaintiffs request for Disability Retirement Benefits from local 525. The basis for the denial was that an IME deemed that the Plaintiff was totally and permanently disable in February of 2016.

8. The Plaintiff was not a member of Local 525 in February of 2016, and therefore was not entitled to Disability Retirement Benefits.

9. The letter provided that Plaintiff had 180 days from receipt of the letter to file an appeal.

10. On December 17, 2020, Plaintiff requested an extension of the deadline, but nonetheless filed the notice of appeal in an abundance of caution.  The Notice of Appeal was sent via email and mailed.  Plaintiff's doctor opined that the injury occurred while Plaintiff was a member of Local 525 and therefore he was entitled to Disability Retirement Benefits.

11. Subsequently Plaintiff was informed that Local 525 had received the request for extension, but it had not received the notice of appeal.  Plaintiff forwarded the email with notice of appeal to Denise Best at  Local 525.  This clearly indicated that it was sent to Ms. Keyla Lopez on December 17, 2019.  Plaintiff's counsel had obtained the email address directly from Ms. Lopez and

was informed that Local 525 would accept the appeal by email. Plaintiff is informed and believe that both Ms. Lopez and Best are or were employees of Benesys Inc.

12. On March 23 2020, Local 525 falsely stated that the appeal had been sent after the December 19, 2019, deadline, despite having received the evidence from Plaintiff that it had been sent on December 17, 2019.

13. Subsequently on July 20, 2020 the Defendants sent a letter saying that they had accepted the Claim and then denied it again on the same basis as the June 20,2019 suit.

## FIRST CLAIM FOR RELIEF

### Specific Performance

14. Plaintiff hereby refers to paragraphs 1-13 hereinabove, inclusive, and by this reference restates and realleges the same as though fully set forth herein.

15. A valid and enforceable contract existed between Plaintiff and the LOCAL #525 providing that Plaintiff was entitled to his Disability Retirement Funds.

16. The Plaintiff met all the of requirements to receive Disability Retirement Funds and Local 525 breached that duty by refusing to honor it's obligation to Plaintiff.

17. Legal damages are inadequate in that it is nearly impossible to speculate as to the value of the medical benefits, the tax implications, and the union privileges the Plaintiff is entitled to under the Plan. It is practical for the court to enforce specific performance, as it would involve simply declaring Plaintiff eligible to receive his Disability Retirement Funds and reinstating his benefits package from today forward and compensating him for the benefits to which he was entitled but did not receive from the date he was eligible until today.

18. No defenses to specific performances apply in this case.

19. Plaintiff has been forced to retain the services of attorneys to bring this action

due to Defendant's conduct and therefore, Plaintiff is entitled to the reasonable attorney fees and costs incurred in the above-entitled action.

///

///

## SECOND CLAIM FOR RELIEF
## ERISA § 502, 29 U.S.C.A. § 1132(a)(l)(B)

20. Plaintiff hereby refers to paragraphs 1-19 hereinabove, inclusive, and by this reference restates and realleges the same as though fully set forth herein.

21. The foregoing facts occurred in violation of ERISA, 29 U.S.C.A. § 1132(a)(l)(B), which empowers a participant or beneficiary to bring a civil action to recover benefits due to him under the terms of the plan.

22. Here, Plaintiff is a participant in the LOCAL #525 TRUST and is entitled to benefits under the terms of the Plan. Plaintiff has been denied these benefits. Plaintiff was also entitled to have his appeal heard as it was timely. Yet, Defendants improperly denied the hearing of the appeal.

23. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Plaintiff is therefore entitled to reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

24. Plaintiff hereby refers to paragraphs 1-41 hereinabove, inclusive, and by this reference restates and realleges the same as though fully set forth herein.

-5-

25. All defendants owed a fiduciary duty to Plaintiff.

26. The Plaintiffs have breached their fiduciary duties. Plaintiff timely appealed the denial of benefits. The Plaintiff provided proof that the appeal was timely filed. Yet Defendants still refused hear the appeal and falsely claimed that the appeal was not timely.

27. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Plaintiff is therefore entitled to reasonable attorney's fees.

## PRAYER FOR RELIEF

*WHEREFORE,* Plaintiff, expressly reserves the right to amend the Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, demands judgment against the Defendants, as follows, upon each cause of action:

1. That this court enters a judgment against Defendants for relief as described herein;

2. For special damages, including, without limitation, reasonable attorney's fees;

3. For cost of suit; and

4. For such other and further relief as this Court may deem just, equitable and proper.

Dated this 18$^h$ day of  2020

LAW OFFICES OF BYRON THOMAS

  /s/Byron E. Thomas, Esq.
Byron E. Thomas Esq.
Nevada Bar No. 8906
3275 S. Jones Blvd. #104
Las Vegas Nevada, 89146
Tel: 702 747-3103
byronthomaslaw@gmail.com

Attorneys for Plaintiff

-6-