# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| EDGAR MARTINEZ-CARRANZA, | |
| Plaintiff, | 2:20-cv-01930-VCF |
| vs. | |
| | **ORDER** |
| PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 525 TRUST FUNDS, *et al*., | MOTION TO DISMISS COMPLAINT [ECF No. 10] |
| Defendants. | |

Before the Court is defendant the Plumbers and Pipefitters Union Local 525 Pension Plan's ("Pension") motion to dismiss. (ECF No. 10). The Court grants the motion in part: the Court dismisses plaintiff's complaint without prejudice and gives plaintiff leave to amend.

I.   **Background**

Plaintiff Edgar Martinez-Carranza alleges that he is a member of the Plumbers and Pipefitters Local Union 525. (ECF No. 1). Plaintiff alleges that he suffered an on-the-job injury and sought disability retirement benefits from Local 525. (*Id*.) Plaintiff alleges that (1) on June 20, 2019 the defendants denied his claim, (2) on March 23, 2020 the defendants denied his appeal as untimely, and (3) on July 20, 2020 the defendants accepted the claim and then denied it again on the same basis as the June 20, 2019 denial. (*Id*.) Plaintiff brings claims against the defendants for (1) specific performance; (2) violation of the Employee Retirement Income Security Act of 1974 ("ERISA") § 502, 29 U.S.C.A. § 1132(a)(l)(B); and (3) breach of fiduciary duty.

Defendant argues in its motion to dismiss that Martinez-Carranza has not alleged facts that show that he is plausibly entitled to relief per ERISA. (ECF No. 10 at 3). Defendant also argues that Martinez-Carranza cannot bring a specific performance claim against the Pension because specific performance is not a claim for relief as it is a remedy that cannot be independently pleaded. (*Id.*) Defendant also argues plaintiff's breach of fiduciary duty claim is contradicted in his complaint because he alleges that defendant considered his appeal and denied it July 2020. (*Id.*) Defendant also argues that plaintiff's allegation regarding the appeal is not true: it attaches exhibits to the motion and invites the Court to convert this motion to a motion for summary judgment for the purposes of dismissing the breach of fiduciary duty claim. (*Id.* at 1).

Plaintiff argues in his response that he has alleged sufficient bad facts regarding ERISA, that he alleged that defendant falsely stated that his claim was late, and he alleges that specific performance is a valid claim. (ECF No. 22 at 5). Plaintiff also alleges additional facts in his response that are not in the complaint and states that he intends to file an amended complaint. (*Id.* at 3).

Defendant argues in its reply that plaintiff has not alleged facts to show what actions Pension engaged in that led to the alleged wrongful denial of benefits. (ECF No. 23 at 3). Pension alleges that plaintiff does not address the contradictions in his complaint because it claims that the Pension never considered his appeal, but also admits that the Pension considered it. (*Id.*) Defendant also reiterates that specific performance is not a claim. (*Id.*)

**II.    Discussion**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable

2

legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### A. Specific Performance

Specific performance is a remedy, not a claim. See Black's Law Dictionary (Bryan A. Garner, ed., 8th ed. 2004) at 1435 ("Specific performance: [A] court-ordered *remedy* that requires precise fulfillment of a legal or contractual obligation when monetary damages are inappropriate or inadequate ... an equitable *remedy* that lies within the court's discretion to award whenever the common-law remedy is insufficient, either because damages would be inadequate or because the damages could not possibly be established.") (emphasis added); see also *Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.20 (N.D. Cal. 2005) ("Specific performance is a form of contractual relief, not an independent claim.")

Plaintiff has not stated a plausible claim for specific performance because specific performance is not an independent claim: for example, specific performance can be a form of relief in a complaint that states a breach of contract claim. The Court dismisses plaintiff's specific performance claim with leave to amend.

### B. ERISA

Per ERISA, "a participant or beneficiary" can bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA § 502(a)(1)(B) claims have three general requirements: (1) the plaintiff exhausted the plan's administrative appeals process; (2) the plaintiff is entitled to a particular benefit under the plan's terms; and (3) the plaintiff was denied that benefit. See *Id.*; see also *Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980).

The plaintiff's allegations regarding the plan's administrative appeals process are vague: he alleges that the defendant denied his appeal as untimely, but it also appears that he alleges that the

defendant denied it on the merits. (ECF No. 1 at 4). The plaintiff also not allege what particular benefit is due to him under the plan's <u>terms</u>. Plaintiff does not plausibly allege that defendants violated any rules or terms of the plan or allege any facts regarding the terms of the plan when Pension denied his claim. The Court finds that dismissal without prejudice pursuant to Rule 12(b)(6) is warranted. If plaintiff files an amended complaint, he must include clear factual allegations regarding the administrative appeals process, the benefits to which he is entitled per the plan terms and specify how the defendant's wrongful conduct denied (or will deny) him these benefits.

**C. Fiduciary Duty**

To establish a claim for breach of fiduciary duty under ERISA, a plaintiff must show that (1) the defendant is a plan fiduciary; (2) the defendant breached its fiduciary duties; and (3) a cognizable loss to the participants of the plan resulted. See 29 U.S.C. § 1132(a)(2); see also *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004). ERISA Section 502 authorizes plan participants and beneficiaries, and other specified parties to bring claims to enforce ERISA's substantive requirements and remedy violations of benefit plan terms. 29 U.S.C. § 1132. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The Court excludes the defendant's attachments and does not consider the plaintiff's statements regarding facts that are not in the complaint. Plaintiff provides no facts in the complaint to demonstrate that defendant is the plan fiduciary, that it breached its fiduciary duty, or that he suffered a cognizable loss as a result. Plaintiff generally alleges that the defendant denied his appeal as untimely but does not provide factual allegations that demonstrate the elements of a claim for breach of fiduciary duty. Without these specific factual allegations, plaintiff's complaint falls short of a sufficiently stated claim. The Court dismisses this claim for failure to state a claim per Rule 12(b)(6).

//

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss is GRANTED: the plaintiff's complaint (ECF No. 1) is dismissed without prejudice with leave to amend. Plaintiff has until Monday, April 26, 2021 to file an amended complaint.

DATED this 29th day of March 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE