```
1   LAW OFFICES OF BYRON THOMAS
    BYRON THOMAS
2   Nevada Bar No. 8906
    3275 S. Jones Blvd. Ste. 104
3   Las Vegas, Nevada  89146
    Phone:     (702) 747-3103
4   Facsimile: (702) 543-4855
    Attorneys for Plaintiff
5
```

UNITED STATES DISTRICT COURT

DISTRICT OF, NEVADA

| | |
|---|---|
| EDGAR MARTINEZ-CARRANZA,<br><br>Plaintiff,<br><br>vs.<br><br>PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 525 TRUST FUNDS; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 a union organized in Nevada; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 PENSION & RETIREMENT FUNDS, a retirement fund established in Nevada; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 PENSION TRUST FUNDS, a pension fund established in Nevada; PLUMBERS AND PIPEFITTERS UNION LOCAL #525 BENEFIT FUNDS,; TONI C. INSCOE ADMINISTRATOR FOR THE TRUSTEES PLUMBERS AND PIPEFITTERS NATIONAL PENISON FUND; BENESY INC.,; DOES I though V, inclusive; and ROE CORPORATIONS VI through X, inclusive,<br><br>Defendants | Case No.: 2:20-cv-01930-RFB-VCF<br><br>**MOTION TO EXTEND DEADLINE TO FILE AMENDED COMPLAINT (FIRST REQUEST)** |

COMES now Plaintiff Edgar Martinez by and through his counsel Law Offices of Byron Thomas and files this   Motion to Extend Deadline to File Amended Complaint, First Request (the "Request").  The Request is based on the points of authorities and any argument ordered by the Court

1

## POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 6(b) provides:

b) EXTENDING TIME.

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Local Rule IA 6-1 in relevant part states that "[e]very motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested,"

On March 29, 2021 the Court dismissed Plaintiff's Complaint but granted leave to amend. The Court set April 26, 2021 as the deadline to file the Amended Complaint.

Counsel for Plaintiff. received his second Covid 19 shot last week, and has suffered side effects such as nausea, headaches, body aches, and extreme fatigue. This has affected Counsel's ability to complete the Amended Complaint. Counsel is a solo practitioner, and does not have additional staff that could complete the Amended Complaint.. Therefore, the Plaintiff requests an additional week to file the Amended Complaint to May 3, 2021. This is the first request for an extension.

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

A. Request for Extension

Courts interpreting FRCP 6(b) have held the rule "(is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'· Ananchian v. Xenon Pictures, Inc. 624 F.3d 1253, 1258-59 (9th Cir. 2010) quoting Rodgers v.Watt, 722 F.2d 456, 459 (9th Cir. 1983) quoting Staren v. American Nat'l Bank & Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976); see also Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

B. Danger of Prejudice

The Ninth Circuit has stated its preference for adjudicating claims on the merits, largely in the name of judicial economy. Moradi v. Adelson, No. 11-00595, Docket #50 at 3 (D. Nev. 2011) citing, Molfetta v. Time Ins. Co., No. 2:07-cv-01240- JCM-LRL, 2010 WL 2041703, at *1 (D. Nev. May 17, 2010) ("Due to the judicial preference of adjudicating issues on the merits, the court has exercised its discretion and considered Plaintiffs untimely opposition, and all arguments presented therein."); and cf Dayton Valley Investors, LLC v. Union Pac, RR Co., 664 F. Supp. 2s 1174, 1179 (D. Nev. 2009) (finding good cause for allowing a belated summary judgment motion where the Court would ·'eventually address" the issues raised in that motion).

There is no danger of prejudice. The litigation is in its early stages.  No hearing or trial date has been set, and no discovery deadlines have been set so the continuance will not prejudice Defendant or unduly day the litigation..  Moreover, Plaintiff would also be amenable to any request from Defendant for any necessary extension..

C. Length of Delay.

Defendants seek a one (1) week extension. In analyzing the length of the delay the Ahanachian, Court looked at the effect the delay would have on the summary judgment hearing date and the date of the trial. 624 F.3d at 1262. In the instant case the delay would  have a negligible

effect on the case, because of the early stage of the case.  No discovery or trial dates have been set So the granting of the extension would have a negligible effect on the case.

D.  Reason for Delay

Counsel for Defendants, is suffering from extreme fatigue, severe headaches, nausea, and muscle soreness. Plaintiff's counsel recently received the second dose of the Covid 19 vaccine and believes that these symptoms are side effects of the vaccine. Plaintiff requests a 7 day extension until May 3, 2021.

## CONCLUSION

For the foregoing reason the Defendants respectfully requests a one (1) week extension of the deadline to file the Amended Complaint..

DATED this __26th___ day of April 2021

LAW OFFICES OF BYRON THOMAS

_____/s/ Byron E. Thomas_____
BYRON THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd., Ste. 104
Las Vegas, Nevada 89146
(702) 747-3103
byronthomaslaw@gmail.com
Attorney for Plaintiff

IT IS HEREBY ORDERED that Plaintiff has up to and including May 3, 2021 to file the Amended Complaint.

IT IS SO ORDERED:

_____
Cam Ferenbach
UNITED STATES MAGISTRATE JUDGE

DATED: 4-27-2021