**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| EDGAR MARTINEZ-CARRANZA,<br><br>                    Plaintiff,<br><br>v.<br><br>PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 525 TRUST FUNDS; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 a union organized in Nevada; PLUMBERS AND PIPEFITTERS LOCAL NO. 525 PENSION & RETIREMENT FUNDS, a retirement fund established in Nevada; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 PENSION TRUST FUNDS, a pension fund established in Nevada; PLUMBERS AND PIPEFITTERS UNION LOCAL #525 BENEFIT FUNDS,; TONI C. INSCOE ADMINISTRATOR FOR THE TRUSTEES PLUMBERS AND PIPEFITTERS NATIONAL PENISON FUND; BENESY INC.,; DOES I though V, inclusive; and ROE CORPORATIONS VI through X, inclusive,<br><br>                    Defendants. | 2:20-cv-01930-VCF<br>**ORDER TO DISMISS WITH PREJUDICE** |

Before the court is *Edgar Martinez-Carranza v. Plumbers and Pipefitters Union Local No. 525*

1

*Trust Funds, et al.*, case number 2:20-cv-01930-VCF.

**Relevant background:**

On May 5, 2022, the court scheduled an in-person hearing on the motion to extend dispositive motion deadline due to termination of representation by client to withdraw as counsel (ECF No. 67), for May 12, 2022. (ECF No. 68). The court held the in-person hearing on the motion to extend dispositive motion deadline due to termination of representation by client to withdraw as counsel (ECF No. 67) on May 12, 2022. Plaintiff's counsel Byron Thomas appeared. Plaintiff Edgar Martinez-Carranza failed to appear. (ECF No. 69). On May 12, 2022, the court scheduled an in-person show cause hearing for 2:00 PM, June 3, 2022, and allowed plaintiff to appear by video conference for the June 3rd show cause hearing, if plaintiff makes a request for video conference appearance by May 31, 2022. (ECF No. 70). On June 1, 2022, Plaintiff, Edgar Martinez-Carranza, contacted the court to ask for permission to appear at the Show Cause Hearing scheduled for Friday, June 3, 2022, at 2:00 pm via video conference. The court granted plaintiff permission for video appearance at the June 3rd hearing. (ECF No. 72). On June 3, 2022, the court held the show cause hearing. All parties appeared in person at the show cause hearing, except for plaintiff, who appeared by video conference. (ECF NO. 73). The court canvassed and heard representations from the parties. Plaintiff requested 60 days to obtain new counsel. The court gave plaintiff until August 8, 2022, to find new counsel, and, if no appearance is entered by August 8th, plaintiff will proceed pro se. *Id.* The court scheduled a status hearing for August 8, 2022, at 10:00 AM. *Id.* On August 8, 2022, the court held a status hearing and plaintiff failed to appear. At the August 8, 2022 hearing, plaintiff was ordered to file a dispositive motion by August 29, 2022, and if plaintiff failed to file a dispositive motion as ordered, the case will be dismissed for failure to prosecute. (ECF No. 74). A copy of the minutes of proceedings of the August 29th hearing was mailed to plaintiff on August 8, 2022. To date, plaintiff has not filed a dispositive motion as ordered. The time for plaintiff to file one has passed.

On August 31, 2022, the court scheduled an in-person show cause hearing for 2:00 PM, October 20, 2022.  (ECF No. 75). Plaintiff was ordered to appear in person.  The Order to Show Cause as mailed to plaintiff's listed address on the docket sheet.

On October 20, 2022, the Court held the show cause hearing.  Plaintiff failed to appear for the show cause hearing on October 20, 2022.

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, Plaintiff failed to comply with the Court's Orders (ECF Nos. 73, 74, and 75). It would seem as though Plaintiff has abandoned this case.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance.  *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone,* 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The court has held several hearings and has given Plaintiff ample notices and opportunities to prosecute this case. Again, Plaintiff has failed to follow the rules of this Court by not appearing for hearings. (ECF Nos. 73, 74, and 75).

Accordingly,

IT IS HEREBY ORDERED that this case is DISMISSED with prejudice for failure to comply with Court Orders (ECF Nos. 73, 74, and 75) and for failure to prosecute.

IT IS FURTHER ORDERED that judgment is entered against plaintiff and in favor of defendants.

The Court Clerk is directed to mail and email a copy of this order to Plaintiff at the following address:

Edgar Martinez-Carranza
5132 Holmby Avenue
Las Vegas, NV 89146

DATED this 20th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE